# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0450V
(not to be published)

| | |
|---|---|
| MICHELLE A. MILLER also known as MICHELLE MILLER GORSKI,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: October 5, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*John L. DeFazio*, Viola Cummings and Lindsay, LLP, Niagara Falls, NY, for Petitioner.

*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 26, 2019, Michelle A. Miller filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered "left shoulder impingement syndrome" and "Glenohumeral Internal Rotation Deficit" that was caused-in-fact by an influenza vaccine that was administered on October 3, 2016. (Petition at 1). On January 27, 2021,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 50).

Petitioner has now filed a motion for attorney's fees and costs, dated August 17, 2021 (ECF No. 54), requesting a total award of $30,615.05 (representing $29,925.00 in fees and $690.05 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 54-3). Respondent reacted to the motion on August 18, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 55). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests I endorse the rate of $300 per hour for all time billed by attorney John DeFazio, M.D. (ECF No. 54 at 3). Dr. Defazio is physician and has been a licensed attorney for 18 years.[3] (Id. at 3). I find the requested rate is reasonable and shall be awarded.

### B. Paralegal Tasks at Attorney Rates

Fees to be awarded in this case must be reduced to account for work billed at attorney rates but for paralegal tasks. Attorneys may be compensated for paralegal-level work, but <u>only</u> at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. DeFazio billed 5.5 hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records and filing documents. Examples of these (which are not an exhaustive list) include the following:

- March 22, 2019 (30 minutes) "Preparation of authorizations for additional medical records";

- March 23, 2019 (10 minutes) "Continuation of preparation of authorization for numerous medical providers";

- May 25, 2019 (25 minutes) "Completion of medical records submission inquiry"; and

---

[3] This information was obtained from an independent source. *See* https://www.avvo.com/attorneys/john-defazio-984068.html

3

- June 6, 2019 (30 minutes) "Request chiropractic medical records with correspondence and authorizations."

(ECF No. 54-2 at 15-18).

I shall reduce Mr. DeFazio's rate for these tasks to $145 per hour, which is comparable to what a paralegal would receive. This reduces the awardable attorney fees by **$852.50**.[4]

## ATTORNEY COSTS

Petitioner requests $690.05 in overall costs. (ECF No. 54-2 at 1). This amount is comprised of obtaining medical records, pacer fees and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$29,762.55** (representing $29,072.50 in fees and $690.05 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] This amount consists of ($300 - $145 = $155 x 5.5hrs = $852.50).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.